UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Dawn McGuire Smith, | ) | C/A No. 8:25-cv-6124-TMC-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **<u>REPORT AND RECOMMENDATION</u>** |
| | ) | |
| Greenwood County Sheriff's Office, Dennis Kelly, | ) | |
| Cody Bishop, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Defendants' Motion for Summary Judgment. ECF No. 15. Plaintiff brought this action against the above-named Defendants alleging claims for sex discrimination, malicious prosecution, and race discrimination.[1] ECF No. 1-1. Pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review all pretrial matters in employment discrimination cases and submit findings and recommendations to the district court. For the reasons below, Defendants' Motion should be granted.

---

[1] This Court has jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff asserts claims for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"). ECF No. 1-1 at 7. Title VII prohibits an "employer [from] discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

## BACKGROUND

**Procedural History**

Plaintiff commenced this action on March 7, 2025, by filing a Complaint in the Greenwood County Court of Common Pleas at case number 2025-cp-24-00189.  ECF No. 1-1.  On June 23, 2025, Defendants filed a Notice of Removal.  ECF No. 1.  Defendants filed an Answer to the Complaint on June 24, 2025.  ECF No. 6.  On July 17, 2025, the Court entered a Scheduling Order.  ECF No. 10.  Under that Scheduling Order, discovery was due by January 12, 2026, mediation was due by January 26, 2026, and dispositive motions were due by February 17, 2026.  *Id.*  Defendants filed a Motion for Summary Judgment on January 7, 2026.  ECF No. 15.  Plaintiff has not filed any Response to that Motion, nor has Plaintiff filed a Motion of her own.  The matter is ripe for disposition.

**Factual Allegations[2]**

Plaintiff makes the following allegations in the Complaint.  ECF No. 1-1.  Plaintiff alleges that Defendants—Greenwood County Sheriff's Office ("GCSO"), Dennis Kelly ("Kelly"),[3] and Cody Bishop ("Bishop")[4]—discriminated against her and maliciously prosecuted her resulting in the "unjustified attempt to revoke her law enforcement credentials."  *Id*. at 3, ¶ 1.  Plaintiff was a female employee of the GCSD for 17 years and maintained an exemplary record until she was "unlawfully terminated under false pretenses, while similarly situated male employees were not

---

[2] The Court provides a summary of the facts primarily as they are alleged in the Complaint.  The Court will address Defendants' presentation of facts in the analysis section below.

[3] Kelly is identified as the Sheriff of Greenwood County.  ECF No. 1-1 at 4, ¶ 9.

[4] Bishop is identified as the Chief Deputy of the Sheriff's Department.  ECF No. 1-1 at 4, ¶ 10.

subjected to the same treatment." *Id*. at 3, 5, ¶¶ 2, 11. Plaintiff was terminated from her position on March 9, 2023, based upon the assertion that she lied to a secretary at a magistrate judge's office. *Id*. at 5, ¶ 12. The accusation was false and pretextual as similarly situated male employees engaged in comparable conduct but were not terminated. *Id*. Kelly and Bishop pursued an effort to have Plaintiff's law enforcement credentials revoked, a step that was not taken against male employees who were terminated under similar circumstances. *Id*. at 5, ¶ 13. Plaintiff's termination was part of a broader pattern of discrimination against female employees under Kelly's leadership, which included lack of "promotional opportunities" and disparate treatment in disciplinary actions. *Id*. at 5, ¶ 14. Plaintiff's termination and the subsequent malicious efforts to revoke her credentials caused her significant harm including loss of income, emotional distress, reputational damage, and loss of future career opportunities. *Id*. at 5, ¶ 15.

Based on these allegations, Plaintiff asserts three causes of action. First, Plaintiff asserts a claim at Count One for sex discrimination under the South Carolina Human Affairs Law, S.C. Code § 1-13-10, *et seq*. ("SCHAL"). *Id*. at 5–6, ¶¶ 16–19. Second, Plaintiff asserts a claim at Count Two for malicious prosecution. *Id*. at 6, ¶¶ 20–23. Third, Plaintiff asserts a claim at Count Three for race discrimination under Title VII. *Id*. at 6–7, ¶¶ 24–30. As to her damages, Plaintiff contends she suffered lost wages and benefits; future loss of earning capacity; emotional distress, mental anguish, and humiliation; reputational harm; out-of-pocket expenses including legal fees; and she seeks back pay and benefits; compensatory damages; punitive damages; and attorney's fees and costs. *Id*. at 7–8, ¶¶ 31–32. Plaintiff seeks declaratory and injunctive relief in addition to compensatory and punitive damages. *Id*. at 8–9.

## APPLICABLE LAW

**Summary Judgment Standard**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, a court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of a plaintiff's position is insufficient to withstand a defendant's summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly

4

preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

**Exhaustion of Administrative Remdies**

Before filing suit under Title VII, or the SCHAL, a plaintiff must exhaust administrative remedies by bringing a charge with the EEOC or, in a "deferral" jurisdiction such as South Carolina, with an appropriate state or local agency (such as the South Carolina Human Affairs Commission (the "SCHAC")), within a specified time "after the alleged unlawful employment practice occurred."  42 U.S.C. §§ 2000e-5(e)(1), (f)(1); *see Sloop v. Mem'l Mission Hosp., Inc.*, 198 F.3d 147, 148 (4th Cir. 1999) (dismissing a plaintiff's Title VII claim for failure to exhaust administrative remedies).  As emphasized by the United States Court of Appeals for the Fourth Circuit:

> Congress intended the exhaustion requirement to serve the primary purpose of notice and conciliation. First, an administrative charge notifies the employer of the alleged discrimination. This notice gives the employer an initial opportunity to voluntarily and independently investigate and resolve the alleged discriminatory action. It also prevents the employer from later complaining of prejudice, since it has known of the allegations from the very beginning. Second, the exhaustion requirement initiates agency-monitored settlement, the primary way that claims of discrimination are resolved.

*Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005) (internal citations omitted). Accordingly, "only those discrimination claims stated in an administrative charge, those reasonably related to the original charge, and those developed by reasonable investigation of the original charge, may be maintained in a subsequent Title VII lawsuit." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996).  "At the same time, however, the exhaustion

requirement should not become a tripwire for hapless plaintiffs." *Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 594 (4th Cir. 2012).

## ANALYSIS

**Failure to Prosecute**

As an initial matter, the Court notes that Plaintiff has failed to prosecute this action. Plaintiff has not engaged in discovery, has not participated in mediation, and has not responded to Defendants' Motion for Summary Judgment. *See, e.g.*, ECF No. 10 (Scheduling Order); 15 at 4 (Defendants' brief noting Plaintiff did not respond to discovery requests); 16 (Court Only entry noting no response to Motion for Summary Judgment). Thus, it appears that Plaintiff has abandoned this action, and it should be dismissed under Rule 41 of the Federal Rules of Civil Procedure.

"It is well established that a district court has [the inherent] authority to dismiss a case for failure to prosecute." *Haynes v. Ravenell*, C/A No. 5:21-cv-2076-SAL, 2021 WL 5868219, at *1 (D.S.C. Dec. 10, 2021). Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Even in the absence of a motion, district courts have inherent authority to dismiss actions for failure to prosecute *sua sponte*." *Gray v. Philadelphia Contributionship*, 779 F. Supp. 3d 567, 568–69 (D. Md. 2025); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). However, "dismissal is not a sanction to be invoked

lightly." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)).  In deciding whether to exercise its discretion to dismiss a case for failure to prosecute, the Court considers: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019), *as amended* (June 10, 2019); (quoting *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990)).  These criteria do not establish a "rigid four-prong test"; instead, "the propriety of an involuntary dismissal ultimately depends on 'the facts of each case.'"  *Id.* (first quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989), and then quoting *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)).

In light of these factors, the Court concludes that dismissal with prejudice for failure to prosecute is warranted.  First, Plaintiff is personally responsible for failing to participate in discovery, in mediation, and in dispositive motions.  As for prejudice, Defendants have engaged in months of litigation, served discovery requests (which went unanswered), and filed a dispositive motion, all while Plaintiff chose not to participate.  Finally, nothing less than dismissal with prejudice is sufficient as Plaintiff has failed to engage in this litigation for numerous months.

Because Plaintiff has failed to prosecute this case, it is subject to dismissal with prejudice under Rule 41.  Alternatively, Defendants are entitled to summary judgment for the reasons below based on an evaluation of the merits.

**The Record Evidence**

In support of the Motion for Summary Judgment, Defendants have filed (1) a Report from the GCSO Internal Affairs Investigation dated March 9, 2023 (the "Report") (ECF No. 15-1); (2)

7

a South Carolina Criminal Justice Academy ("SCCJA") Personnel Change in Status ("PCS") form dated March 15, 2023 (the "PCS Form") (ECF No. 15-2); and (3) Defendants' Requests to Admit dated August 28, 2025 (the "Requests to Admit") (ECF No. 15-3). The Court briefly summarizes the contents of these documents.

### *The Report*

The Report was authorized by Bishop and witnessed by Major B. Ware. ECF No. 15-1 at 2. The Report documents Bishop's investigation and the various statements by individuals that he interviewed. *Id*. As recounted in the Report, GCSO received a report that Plaintiff lied to court personnel on March 8, 2023, about a colleague (Deputy Adams) needing a continuance for a preliminary hearing because he was purportedly ill. *Id*. at 3. According to Deputy Adams, he had forgotten about the hearing, and contacted Plaintiff but stated that he did not ask Plaintiff to lie to the Court for him. *Id*. at 3–4. In fact, Plaintiff admitted that she told the court clerk that Deputy Adams was "feeling like crap" in order to gain a continuance. *Id*. at 4. For these reasons, GCSO fired her effective March 9, 2023. *Id*. at 5.

### *The PCS Form*

The PCS Form notes that Plaintiff's date of separation from the GCSO was March 9, 2023, for "Termination INVOLVING MISCONDUCT as defined in S.C. Code Section 23-23-150 and/or S.C. Code of Regulations 37-025." ECF No. 15-2 at 2–3. The PCS Form noted that the "nature of the misconduct" was "[w]illfully making false, misleading, incomplete, deceitful, or incorrect statements to any court of competent jurisdiction, or their staff members, whether under oath or not." *Id*. at 3. The PCS Form provided the following narrative as to the "Reason for Separation":

On March 8, 2023 at approximately 1810hrs, I received a complaint concerning a Greenwood County Deputy being untruthful to the Greenwood County Magistrates Court Clerk concerning a preliminary hearing. I investigated the complaint on March 9, 2023 and unveiled the facts of the situation. It was proven during interviews and statements that Deputy D.M. Smith made knowingly false statements to the court in order to gain a continuance for another Deputy. Deputy Smith cited a Deputy being sick and unable to attend the scheduled hearing as being the reason for the continuance, which was fabricated by her own doing. Deputy Smith admitted to the untruthful statement she made to the Court in an interview under Garrity. Deputy Smith was dismissed from her employment with the Greenwood County Sheriffs Office on 03-09-2023 @ approximately 1017hrs. Major Ware witnessed this interview.

*Id*. (citing a Disciplinary Action Report written by Bishop).

### *The Requests to Admit*

Defendants served the following Requests to Admit on Plaintiff pursuant to Rule 36 of the

Federal Rules of Civil Procedure:

1. Admit that neither Plaintiff, nor anyone on her behalf, has filed a Charge of Discrimination with the South Carolina Human Affairs Commission or the Equal Employment Opportunity Commissioner concerning any matter related to the above-captioned lawsuit.

2. Admit that the allegations in Paragraphs 21 and 22 of Plaintiff's Complaint referencing acts or efforts by Defendants to "revoke Plaintiff's law enforcement credentials" relate to Defendants' communications with the [SCCJA].

3. Admit that Plaintiff can only receive certification as a Class 1 Law Enforcement Officer in South Carolina through the [SCCJA].

4. Admit that Plaintiff never reported any alleged discrimination on the basis of race or sex to any person employed with Greenwood County or the [GCSO].

9

ECF No. 15-3 at 2–3. Plaintiff did not file a response to the Requests to Admit. *See* ECF No. 15 at 4. Pursuant to Rule 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or attorney." Accordingly, these Requests to Admit are deemed admitted by Plaintiff.[5] *See Charleston Bank Consortium v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, C/A No. 2:07-cv-3856-DCN, 2009 WL 4157603, at \*3 (D.S.C. Nov. 23, 2009); *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 363 (D. Md. 2012) ("A matter is deemed admitted if the responding party fails to timely provide a written answer or objection to the request for admission.").

**Defendants' Motion for Summary Judgment**

Plaintiff brought this action after she was terminated from employment with the GCSO on March 9, 2020, following an internal investigation into Plaintiff's alleged misconduct. ECF No. 1-1. Plaintiff alleged, without producing any supporting evidence, that "similarly situated male employees" were not "terminated under similar circumstances." *Id*. at 5, ¶ 12. Plaintiff also alleged, without producing any supporting evidence, that Kelly and Bishop "pursued an effort to have Plaintiff's law enforcement credentials revoked," which they allegedly did not do regarding "male employees terminated under similar circumstances." *Id*. at 5, ¶ 13.

Defendants argue that Plaintiff's discrimination claims are barred because Plaintiff failed to exhaust her administrative remedies and Plaintiff's malicious prosecution claim is barred by

---

[5] As discussed below, the Requests to Admit—which are deemed admitted due to Plaintiff's failure to answer or object—demonstrate that no genuine issue of material fact exists.

S.C. Code § 23-23-90.  ECF No. 15 at 2.  The Court will address each of Plaintiff's three asserted claims as well as Defendants' arguments in support of summary judgment in turn below.

### Count One – Sex Discrimination

Count One of the Complaint asserts a claim for sex discrimination under the SCHAL.  ECF No. 1-1 at 5–6, ¶¶ 16–19.  Plaintiff alleges that GCSO subjected her to "disparate treatment on the basis of her sex" in violation of the SCHAL.  *Id.* at 5, ¶ 17.  Defendants argue that Count One must be dismissed because Plaintiff's sex discrimination claim under the SCHAL is barred by the applicable statute of limitations and Plaintiff failed to exhaust her administrative remedies.  ECF No. 15 at 5.  The Court agrees.

First, Plaintiff's SCHAL claim for sex discrimination is barred by the applicable statute of limitations.[6]  The SCHAL imposes a one-year limitations period.  *See* S.C. Code Ann. § 1-13-90(d)(6) (providing that an "action must be brought within one year from the date of the violation alleged, or within one hundred twenty days from the date the complainant's charge is dismissed, whichever occurs earlier"); *see also Brown v. Lexington Cnty. Health Servs. Dist., Inc.*, C/A No. 3:12-cv-2674-MBS-PJG, 2013 WL 5467623, at *5 (D.S.C. July 11, 2013), *R&R adopted by* 2013 WL 5467626 (D.S.C. Sept. 27, 2013).  Plaintiff alleges she was unlawfully terminated on March

---

[6] Request to Admit Number One, which is deemed admitted, asked Plaintiff to admit that she never filed a charge with the SCHAC or EEOC.  ECF No. 15-3 at 2.  Using March 9, 2023—the date Plaintiff was terminated from employment—as the date of the alleged discrimination, Plaintiff had until January 3, 2024 (300 days later) to file a charge with the SCHAC or September 5, 2023 (180 days later) to file a charge with the EEOC.  *See Bishop v. Behr Heat Transfer Sys.*, C/A No. 2:11-cv-3535-SB, 2012 WL 1752047, at *2 (D.S.C. May 16, 2012) (noting the 300-day deadline for filing an administrative charge with the SCHAC and the 180-day deadline for filing an administrative charge with the EEOC).  However, there is no evidence in the record that Plaintiff filed a charge with the SCHAC or the EEOC.

9, 2023. ECF No. 1-1 at 5, ¶ 12. Plaintiff filed this action in the Greenwood County Court of Common Pleas on March 7, 2025. Plaintiff has not alleged that she filed a charge with the SCHAC nor that any such charge was dismissed. Accordingly, the Court uses the date of termination—March 9, 2023—as the accrual date of the statute of limitations. The limitations period expired a year later, on March 9, 2024, rendering her claim filed on March 7, 2025, untimely.

Second, Plaintiff failed to exhaust her administrative remedies with the SCHAC as to her claim for sex discrimination. The SCHAL requires that "[a]ny person shall complain in writing under oath or affirmation to the Commission within one hundred eighty days after the alleged discriminatory practice occurred." S.C. Code § 1-13-90(a). Plaintiff has not alleged that she filed anything in accordance with SCHAL, nor is there any evidence in the record showing that she has done so. Therefore, Plaintiff's claim under the SCHAL is barred for failing to timely file a complaint under S.C. Code § 1-13-90(a) and exhausting her administrative remedies. *Logan v. Rolling Green Vill.*, C/A No. 6:23-cv-01800-TMC, 2024 WL 227814, at *4 (D.S.C. Jan. 22, 2024) (dismissing discrimination claim under SCHAL for failing to exhaust administrative remedies as provided in § 1-13-90(a)).

### *Count Two – Malicious Prosecution*

Count Two of the Complaint asserts a claim for malicious prosecution. ECF No. 1-1 at 6, ¶¶ 20–23. Plaintiff alleges that Kelly and Bishop "acted with malice and without probable cause in attempting to revoke Plaintiff's law enforcement credentials." *Id*. at 6, ¶ 21. Defendants argue that Plaintiff "has admitted, by default, that [] the allegations in Paragraphs 21 and 22 of Plaintiff's Complaint – referencing acts or efforts by Defendants to 'revoke Plaintiff's law enforcement credentials' – relate to Defendants' communications with the [SCCJA]," and that such

communications are privileged and cannot support a malicious prosecution claim. ECF No. 15 at 6. The Court agrees.

Plaintiff has failed to present any argument in response to the Motion for Summary Judgment. And Plaintiff has failed to present any evidence in support of the malicious prosecution claim. Further, as explained by Defendants in the Motion, the alleged conduct of Defendants is a privileged communication mandated by state statute. S.C. Code § 23-23-150(B)(1) provides as follows:

> The sheriff or the chief executive officer of a law enforcement agency or department within the State must report to the academy the occurrence of any act or multiple acts by a law enforcement officer, who is currently or was last employed by his agency, he reasonably believes to be misconduct. The report shall be made within fifteen days of the final agency or department action resulting from the internal investigation conducted by the agency or department, and shall be on a form prescribed by the council.

This mandated reporting requirement is privileged by statute and cannot serve as the basis of any lawsuit under S.C. Code Ann. § 23-23-90:

> An oral or written report, document, statement, or other communication that is written, made, or delivered concerning the requirements or administration of this chapter or regulations promulgated pursuant to it must not be the subject of or basis for an action at law or in equity in any court of the State if the communication is between:
> (1) law enforcement agencies, their agents, employees, or representatives; or
> (2) law enforcement agencies, their agents, employees, or representatives and the academy or the council.

Defendants' Request to Admit Number 2 asked Plaintiff to admit that the allegations in the Complaint concerning the malicious prosecution claim relate to Defendants' communications with the SCCJA. ECF No. 15-3 at 3. Because Plaintiff did not answer or object, she is deemed to have

13

admitted that. Because Kelly and Bishop's alleged communications relate to the mandatory PCS reporting to the SCCJA under S.C. Code § 23-23-130, those communications are privileged by § 23-23-90 and cannot support a malicious prosecution claim as alleged in the Complaint. *See Nelson v. Beaufort Cnty. Sheriff's Off.*, C/A No. 9:18-cv-2962-DCN-MHC, 2021 WL 6880646, at *18 (D.S.C. Nov. 23, 2021) ("[A]ny claim based on the PCS form sent to the CJA is statutorily barred pursuant to S.C. Code Ann. § 23-23-90."), *R&R adopted by* 2022 WL 407408 (D.S.C. Feb. 10, 2022).

### *Count Three – Race Discrimination*

Count Three of the Complaint asserts a claim for race discrimination under Title VII. ECF No. 1-1 at 6–7, ¶¶ 24–30. Defendants argue that Plaintiff's claim under Title VII must be dismissed for failing to exhaust administrative remedies. ECF No. 15 at 7.

As with Count One, Count Three must be dismissed because Plaintiff did not exhaust her administrative remedies. There is no evidence in the record that Plaintiff filed a charge of discrimination with either the EEOC or SCHAC concerning the allegations of discrimination.

As noted, before filing suit under Title VII, a plaintiff must exhaust her administrative remedies by filing a charge with the EEOC (or the SCHAC). *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000) (citing *King v. Seaboard Coast Line R.R. Co.*, 538 F.2d 581, 583 (4th Cir. 1976)). The allegations contained in the administrative charge of discrimination generally limit the scope of any subsequent judicial complaint. *King*, 538 F.2d at 583 (stating that a subsequent civil suit "may encompass only the 'discrimination stated in the charge itself or developed in the course of a reasonable investigation of that charge'") (quoting *EEOC v. General Electric Co.*, 532 F.2d 359, 365 (4th Cir. 1976)). Only those claims stated in the initial

14

administrative charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent lawsuit. *Evans*, 80 F.3d at963 (affirming the district court's dismissal of some of the plaintiff's claims because they were outside the scope of her original EEOC charge and were therefore time barred). Because the EEOC has the authority to investigate charges and take necessary action to reach a resolution of the claims, permitting a federal complaint to include allegations outside the scope of the predicate EEOC charge would circumscribe the EEOC's purpose as well as deprive the employer of notice of the plaintiff's charges. *See Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 838 (8th Cir. 2002) ("Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." (internal quotations and citation omitted)). When a claim "raised under Title VII exceed[s] the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, [it is] procedurally barred." *Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995).

Because there is no dispute, based on review of the entire record, that Plaintiff did not file a charge of discrimination with the EEOC or SCHAC, she has failed to exhaust her administrative remedies and her Title VII claim must therefore be dismissed. *Stroud v. TJX Companies/Home Goods*, C/A No. 3:22-cv-643-MOC-DCK, 2024 WL 3380148, at *3 (W.D.N.C. July 11, 2024) ("Plaintiff's Title VII claim fails because she failed to exhaust her administrative remedies.").

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, **IT IS RECOMMENDED** that the district court **DISMISS** this action with prejudice pursuant to Rule 41(b) for failure to prosecute or, in the alternative, **GRANT** Defendants' Motion for Summary Judgment (ECF No. 15).

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

April 3, 2026
Greenville, South Carolina

*The parties are directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within **fourteen (14) days** of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

17