**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| Dawn McGuire Smith, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 8:25-cv-6124-TMC |
| | ) | |
| Greenwood County Sheriff's Office; | ) | **ORDER** |
| Dennis Kelly; and Cody Bishop, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff filed this action in state court on March 7, 2025, asserting three claims against Defendants: sex discrimination under the South Carolina Human Affairs Law, S.C. Code § 1-13-10, et seq. ("SCHAL"). *Id.* at 5–6, ¶¶ 16–19. Second, Plaintiff asserts a claim at Count Two for malicious prosecution. *Id.* at 6, ¶¶ 20–23. Third, Plaintiff asserts a claim at Count Three for race discrimination under Title VII. *Id.* at 6–7, ¶¶ 24–30. As to her damages, Plaintiff contends she suffered lost wages and benefits; future loss of earning capacity; emotional distress, mental anguish, and humiliation; reputational harm; out-of-pocket expenses including legal fees; and she seeks back pay and benefits; compensatory damages; punitive damages; and attorney's fees and costs. *Id.* at 7–8, ¶¶ 31–32. Plaintiff seeks declaratory and injunctive relief in addition to compensatory and punitive damages. (ECF No. 1-1).

Defendants subsequently removed this action to federal court, (ECF No. 1), whereupon, in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), this matter was automatically referred to a magistrate judge for all pretrial proceedings. On January 7, 2026, after having received no responses from Plaintiff to their discovery requests, Defendants filed a

motion for summary judgment. (ECF No. 15). Plaintiff, who is represented by legal counsel, did not file any opposition to the motion for summary judgment or respond in any way.

Now before the Court is the magistrate judge's Report and Recommendation ("Report") finding that Plaintiff has not engaged in discovery, has not participated in mediation, and has not responded to Defendants' Motion for Summary Judgment, and recommending that this action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute this action. (ECF No. 18 at 6–7, 16). Additionally, the magistrate judge concluded that Plaintiff's claim under the SCHAL is barred for failing to timely file a complaint under S.C. Code § 1-13-90(a) and to exhaust her administrative remedies; that Plaintiff's claim for malicious prosecution fails because it rests on communications that are privileged by S.C. Code. Ann. § 23-23-90 and, therefore, cannot support a malicious prosecution claim as alleged in the complaint; and that Plaintiff failed to exhaust her administrative remedies, requiring the dismissal of her Title VII claim. *Id*. at 11–15. Accordingly, the Report makes the alternative recommendation that the court grant Defendants' motion for summary judgment. *Id*. at 16.

Plaintiff was advised of the right to file objections to the Report and of the potential consequences of failing to do so in a timely manner. *Id*. at 17. Nonetheless, Plaintiff has not objected or otherwise responded, and the time for doing so has expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the

2

magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))).  Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Having carefully reviewed the Report and the record, the Court finds no clear error and perceives no basis for deviating from the findings, conclusions and recommendations of the magistrate judge.  Accordingly, the Court **ADOPTS** the Report (ECF No. 18) and incorporates it

3

herein.  This action is hereby **DISMISSED** with prejudice pursuant to Rule 41(b) of the Federal

Rules of Civil Procedure for failure to prosecute.[1]

      **IT IS SO ORDERED.**

s/Timothy M. Cain      
Chief United States District Judge

April 23, 2026
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

    The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4

of the Federal Rules of Appellate Procedure.

---

[1] In the alternative, the court agrees with the magistrate judge that summary judgment would also be appropriate for the reasons set forth in the Report.